ARZUAGA & CO. *v.* ARAMBURU.

APPEAL from the District Court of Humacao.

No. 316.—Decided March 25, 1909.

PERSONAL ACTIONS—RESIDENCE OF DEFENDANT—PLACE OF CITATION—PRESUMP-
TION.—In personal actions wherein the residence of the defendant determines the jurisdiction of the court, the place where the citation of the defendant has been made, raises the presumption that he has a residence and domicile there.

ID.—RESIDENCE OF THE DEFENDANT—PRIMA FACIE EVIDENCE.—The uncontroverted affidavit of the defendant is *prima facie* evidence of his residence.

ID.—TRANSFER OF THE CASE—CONVENIENCE OF WITNESSES—REQUISITES OF THE
MOTION.—In a motion for a transfer it is not enough to say that the witnesses
are material and necessary, but some effort must be made to show the nature
of the testimony that they may be expected to give; not in precise terms, but
enough to permit the court to judge by itself of the materiality and necessity
of the witnesses themselves.

The facts are stated in the opinion.

*Mr. Eduardo Acuña* for appellants.

*Mr. Arturo Aponte* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants here who were the plaintiffs in the court below filed a suit to recover of the respondent various sums which they claimed he owed them by reason of his conduct of their business as their agent.

The complaint sets up that said respondent was employed by them in the store of their plantation, Buena Vista, in the town of Carolina, and that he was to receive a certain salary and certain share of the profits. The complaint bears date of the 30th of June, 1908, and recites that the respondent is a resident of Carolina.

On the 20th of July, 1908, the respondent came into the District Court of San Juan where the suit was pending and asked that the case be transferred to the judicial district of Humacao, where the trial should be had, giving two reasons for the change, namely, that the respondent was a resident of Humacao, and the action a personal one, and that the convenience of the witnesses, Clemente Muñagorri and Miguel Galardi, required that the trial be had in Humacao because they were residents of that city and that their business would not permit them to go to San Juan. The respondent also filed an affidavit of merits setting up that he had a good defense to the action saying that he was a resident of Humacao, that the action was personal for the recovery of an unliquidated sum of money, that his residence was in the plantation Mulas in the district of Humacao in which he had his office and his

bachelor house, and also setting up the convenience of the two aforesaid witnesses whose testimony, he alleged, was material and pertinent, there being no other persons who could testify in the premises.

This petition for the transfer was filed along with the demurrer of the respondent.

Pedro Arzuaga y Peñagaricano in opposition to the petition filed an affidavit in which he sets forth that he was the managing partner (*gestor*) of the firm of the complainants, that the said firm had its legal domicile in the ward of Hoyo Mulas in the district of Carolina where the store of the plantation, Buena Vista, is situated, which constitutes the central point of its operations according to the second clause of their deed of organization of the 18th of December, 1906; that the witnesses on whom the respondent relied left on the 19th day of the last month of July in the S. S. "Manuel Calvo" for Cadiz, without it being known that they intended to return to this Island, or in any case the date of their return; that the firm of which he was the manager had a good cause of action and intended to use the evidence of Messrs. Basilio and Emilio Piñeiro, J. Ochoa Bros., Aboy & Vidal, Mendizabal & Co., Mario Couvertier, José Santisteban and Francisco Larsabel, who had their residence in this city, Carolina and Río Piedras, respectively, the testimony of the same being material and necessary in respect to the facts on which the complaint was based. That, as they were business men, it was altogether impossible for these witnesses for reason of expediency to leave their business and go to Humacao, there not being any known person in Humacao who could testify about the matters which the said witnesses knew.

The District Court of San Juan, by Judge Aldrey, rendered an opinion in which the foregoing facts were substantially narrated and arrived at the conclusion that although respondent had lived in Carolina as an employe of the com-

plainants' firm, he indicated on the first of June his intention
to leave such employ and lived in the District of Humacao
where he had his business and his bachelor house; the judge
previously having mentioned that the complaint was actually
served in Humacao, a fact that was admitted by counsel in
argument.  There was no proof at the hearing nor is any in
the record of the exact date when the respondent went to Hu-
macao.  The complaint seems to show, so far as it may be
used for evidence in favor of the appellants, that the respond-
ent remained in Carolina until the 22d of June.

The appellants allege that the court below erroneously
applied the provisions of section 81 of the Code of Civil Pro-
cedure; that the respondent was a merchant and had a com-
mercial establishment in Carolina up to a time very little
removed from the date of the filing of the complaint.

We do not think that this employe was a merchant to whom
section 78 of the Code of Civil Procedure relates, or that he
had a place of business in the sense that a merchant has a
place of business, but was a mere employe or factor of the
respondent.  Even if he had been such merchant up to the
time of his leaving the complainants' employ, if he had ac-
quired a *bona fide* residence in Humacao, the fact of his having
abandoned such business would make it impossible for a court
to say that he had a business in Carolina.  Indeed it was said
in the trial below and in the hearing in this court that the
citation and the summons were served on the respondent in
Humacao.

This in itself would raise a presumption in the absence of
other proofs that he had a residence and domicile in Humacao;
but beyond this fact he filed an affidavit, which was uncontro-
verted that he had his business and his bachelor house in Hu-
macao.  This was *prima facie* evidence of residence and by
section 81 of the Code of Civil Procedure his residence deter-
mines the jurisdiction.  The mere fact that within a few

weeks before he had lived in Carolina would not be sufficient proof of his residence there. Of the facts on which the appellants rely furthermore there is no proof beyond the complaint filed in this case, which, it appears, was not sworn to. But even taking it as proof, it does not show a residence in Carolina beyond the 22d of June, 1908. In the absence of proof of the contrary we think there was sufficient showing that the respondent lived in Humacao with intention of remaining there, which is sufficient to establish his residence in that place. (Dicey on the Conflict of Laws, 157, *et seq.;* notes to *Warren* v. *Board of Registration,* 2 L. R. A., 203.)

The respondent in his motion for a transfer also alleges the convenience of witnesses. The appellants rely on a similar convenience for resisting such transfer. Neither of the parties put the court below in the position of being able to determine where the convenience of witnesses necessitated the fixing of the place of trial at either San Juan or Humacao. It is not enough in a contested motion to say that the witnesses were material and necessary; but some efforts must be made to show the nature of the testimony that they may be expected to give, not in precise terms, but enough to permit the court itself to judge of the materiality and necessity of the witnesses themselves. If such witnesses, for example, were experts or accountants, as the complaint seems to indicate, their substitutes might perhaps be found in Humacao or their depositions might be taken if it should be shown, as alleged, that it would be impossible for them to go to Humacao.

In view of the circumstances we cannot see that the convenience of the witnesses required the case to remain in San Juan, and the order appealed from must be affirmed.

*Affirmed.*

Acting Chief Justice Hernández and Justices Figueras and MacLeary concurred.